IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CRITTENDEN HOSPITAL ASSOCIATION<br>Debtor | No. 3:14-bk-14948<br>Chapter 7 |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF REMNANT ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Comes now A. Jan Thomas, Jr., chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of the above captioned debtor ("Debtor"), and requests the entry of an order approving the sale of the Remnant Assets (as defined herein) to Oak Point Partners, LLC ("Oak Point"), free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of title 11 of the United States Code ("Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**Background**

3. On September 12, 2014, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. On or about September 13, 2014, the Trustee was appointed as the chapter 7 trustee for the Debtor's Estate.

5. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with his power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

### Remnant Assets

6. The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets likely will exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

7. The Trustee and Oak Point have negotiated an agreement ("Purchase Agreement") for the sale of the Remnant Assets in exchange for $5,000 ("Purchase Price"), substantially in the form attached hereto as **Exhibit A.** In accordance with the Oak Point Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; (ii) any and all Goods[1] (e.g., office furniture) of the Debtor; (iii) the Estate's interest in certain accounts receivable, and any judgments related thereto, comprised of certain Medicare/Medicaid receivables and sums due and owing by Debtor's former patients ("AR Proceeds");[2] and (iv) the Purchase Price for the Remnant Assets.

### Requested Relief

8. By this Motion, the Trustee seeks the entry of an order pursuant to sections 105 and 363(b), (f), and (m) of the Bankruptcy Code, as well as Bankruptcy Rule 6004 authorizing

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.
[2] Trustee has proposed the sale of the AR Proceeds to Professional Credit Management, Inc. *See* ECF 491.

the Trustee to sell the Remnant Assets pursuant to the terms of the Oak Point Agreement.

9. The sale shall be free and clear of all liens, claims, interests, and encumbrances.

10. In the Trustee's business judgment, the Purchase Price for the Remnant Assets represents a fair and reasonable sales price, and further represents the highest and best offer for such assets. Additionally, the benefit of receiving immediate payment for the assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets.

11. It is for the foregoing reasons that the Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement serves the best interests of the Estate and the Debtors' creditors as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale of the Remnant Assets to Oak Point should be approved as requested.

### Bidding Procedures

12. Contemporaneously herewith, the Trustee has filed a Notice of this Motion ("Notice"), which sets forth the deadline by which objections or responses to this Motion must be filed with the Court ("Response Deadline").

13. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and the Purchase Agreement, in the event a party other Oak Point (each, a "Competing Bidder") wishes to bid on the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, "Bidding Procedures"):

   a. Each Competing Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

   b. The first overbid for the Remnant Assets must be at least $4,000 more than the Purchase Price, or a total of $9,000;

3

      c. Each Competing Bidder must submit a cashier's check to the Trustee in the amount of such Competing Bidder's first overbid; and

      d. In the event a Competing Bidder is deemed the winning bidder, such Competing Bidder shall be required to purchase the Remnant Assets under the same terms and conditions, other than the Purchase Price, as set forth in the Purchase Agreement.

14. The Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale of the Remnant Assets to Oak Point should be approved as requested.

## Authority for Requested Relief

15. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's

4

management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

17. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

18. The Trustee submits that the proposed sale of the Remnant Assets to Oak Point pursuant to the Purchase Agreement represents a prudent and proper exercise of business judgment, and is in the best interests of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represent fair value. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate.

19. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the

phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc*., 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co*., 88 B.R. 576, 580 (E.D.N.Y. 1988).

20. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

    a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    b. Such entity consents;

    c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d. Such interest is in bona fide dispute; or

    e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

21. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g.*, *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended,

and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

22. As set forth herein, the Trustee submits that the sale of the Remnant Assets is a prudent exercise of his business judgment under the circumstances, and is in the best interests of the Debtor's Estate and creditors. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would not realize any benefits on account of the the Remnant Assets. Finally, the Purchase Price is reasonable and has been negotiated at arm's length. Therefore, the Trustee respectfully requests that the Court grant the Motion.

### Waiver of Stay of Order

23. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### Notice

NOTICE IS FURTHER GIVEN that if no objection is filed within ten (10) days of the date of this notice, an Order may be entered approving the Motion, as requested. If an objection is timely filed, a hearing will be set by subsequent notice from the Clerk of the United States Bankruptcy Court.

WHEREFORE, the Trustee respectfully requests entry of an order: (i) authorizing the sale of the Remnant Assets pursuant to the terms of the Oak Point Agreement, (ii) waiving the

fourteen-day stay under Bankruptcy Rule 6004(h), and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  July 10, 2018.

                                        Respectfully submitted,

                                        /s/ A. Jan Thomas, Jr.
                                        A. JAN THOMAS, JR., TRUSTEE
                                        306 West Bond Street
                                        West Memphis, AR 72301
                                        Phone: (870) 735-7700
                                        AR State Bar No. 63045
                                        ajt827@comcast.net

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the Motion to Sell Free Remnant Assets Free and Clear of Liens was served on the 10th day  July, 2018, by the Federal Judiciary's Case Management/Electronic Case Filing System to parties who are entitled to receive notice and via first class U.S. Mail postage prepaid to all other parties as listed on the Creditor's Matrix.

                                        /s/ A. Jan Thomas, Jr.
                                        A.   Jan Thomas, Jr.