IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

IN RE: CRITTENDEN HOSPITAL ASSOCIATION,     NO. 3:14-bk-14948-T
       Debtor     Chapter 7

**UNITED STATES TRUSTEE'S OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF REMNANT ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Comes the United States Trustee ("UST") by the undersigned counsel, and for his Objection to the Chapter 7 Trustee's Motion for an Order Approving the Sale of Remnant Assets, Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (Doc. #498), respectfully states and alleges:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the District Court.

2. The Trustee's motion filed on July 10, 2018 requests authority to sell "Remnant Assets" to Oak Point Partners, LLC. The only description of the Remnant Assets is "known or unknown assets or claims, which have not been previously sold, assigned, or transferred."

3. The Trustee does state in his motion what the Remnant Assets do not include.

4. The Trustee has negotiated a settlement of the purchase of the Remnant Assets for $5,000.00. The Trustee has also proposed bidding procedures that would inflate the price for the Remnant Assets to a minimum of $9,000.00 for the property.

5. The United States Trustee objects to the motion. Attached to the Trustee's motion is an Asset Purchase Agreement which fails to disclose in detail the items of which the Remnant Assets consist, and further, does not appear to benefit the estate.

6. The Trustee should amend his motion to list with specificity each and every item

in the Remnant Assets. Parties in interest cannot ascertain the value of the property to be sold and whether the sale is of benefit to the estate.

7. Further, the Trustee's proposed bidding procedures appear to seek "pie in the sky" bids for property that, so far, hasn't been described. The bidding procedures are prejudicial to any other party wishing to bid on the Remnant Assets by forcing an almost 100% additional premium for the opportunity to bid.

8. The Motion states that the offer serves the best interests of the Estate and Debtor's creditors, but there is no documentation supporting that statement.

9. For the foregoing reasons, the UST objects to the Trustee's motion.

WHEREFORE, the United States Trustee respectfully requests that the Court enter its Order denying the Debtor's motion; and for all other relief which is just and proper.

    Respectfully submitted,

    DANIEL J. CASAMATTA
    ACTING UNITED STATES TRUSTEE

By: _____
    JOSEPH A. DiPIETRO, Bar No. 98004
    Trial Attorney
    200 West Capitol Avenue, Suite 1200
    Little Rock, AR 72201
    Telephone: (501) 324-7357
    Fax: (501) 324-7388
    Joseph.A.DiPietro@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the docketing of the foregoing pleading will be sent by electronic notification to A. Jan Thomas, Jr., Trustee, on July 20, 2018.

*/s/ Joseph A. DiPietro*

Joseph A. DiPietro